UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS MOORE,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION,<br><br>    Defendant. | **1:23-cv-00892-GSA-PC**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, AS APPARENT ON THE FACE OF THE COMPLAINT**<br><br>**DEADLINE TO RESPOND:<br>OCTOBER 9, 2023** |

**I.    BACKGROUND**

Louis Moore ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 1, 2023. (ECF No. 1).

**II.    PLAINTIFF'S COMPLAINT - SUMMARY**

In the Complaint, Plaintiff alleges that he reported to Medical for a bulge above his groin, saw the nurse, and returned to work.  The doctor told Plaintiff he needs surgery, then made him an appointment to see the surgeon.  They cancelled the appointment and sent Plaintiff on a two hundred mile trip to Ironwood Prison.  He had to carry all of his property and suffered with fear

and pain. He was given another job but no surgery. The hernia is getting bigger by day, with constant danger of rupture and Plaintiff is denied medical care.

In the Complaint, Plaintiff acknowledges that the grievance process is not completed. (Comp., ECF No. 1 at 2.II.C.)

### III.   PRISON LITIGATION REFORM ACT

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741.

From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

Plaintiff alleges in the Complaint that he filed a grievance concerning the facts relating to the Complaint, but the grievance process was not completed. (ECF No. 1 at 2II.C.) Therefore, Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

## IV. ORDER TO SHOW CAUSE

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, **on or before October 9, 2023**, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit.  **Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated:   **September 7, 2023**                              **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE