UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS MOORE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION,<br><br>　　　　Defendant. | **1:23-cv-00892-GSA-PC**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE ISSUED ON SEPTEMBER 8, 2023**<br><br>**(ECF No. 14.)** |

　　Louis Moore ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 1, 2023. (ECF No. 1.)

　　On September 8, 2023, the court issued an order requiring Plaintiff to show cause by October 9, 2023 why this case should not be dismissed based on Plaintiff's failure to exhaust administrative remedies before filing this lawsuit, in violation of 42 U.S.C. § 1997e(a), as apparent on the face of the Complaint. (ECF No. 14.) On September 18, 2023, Plaintiff filed a response to the court's order. (ECF No. 15.)

　　Plaintiff alleges that on March 10, 2023, he was diagnosed with an inguinal hernia and was scheduled to meet the surgeon on March 13, 2023. On March 14, 2023, Plaintiff was transferred from California Correctional Institution to Ironwood State Prison, but before he got

on the bus, he submitted a 602 grievance. On March 29, 2023, he submitted another 602 grievance about his hernia. He was scheduled to meet with another surgeon on April 7, 2023. On April 19, 2023, he had a 602 hearing with Sergeant Perales. Plaintiff's 602 at CCI was denied, appeals were sent and denied, and Plaintiff had surgery. Plaintiff claims that he followed the grievance process, and he has a stack of 602 appeals and denials.

While this order is not a finding that Plaintiff exhausted all of his available remedies for the claims in this case before filing suit, the Court finds that Plaintiff's failure to exhaust remedies is no longer apparent on the face of the complaint and therefore the court shall not resolve this issue at this stage of the proceedings. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69). Accordingly, the court's order to show cause, issued on September 8, 2023, shall be discharged.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The court's order to show cause, issued on September 8, 2023, is DISCHARGED; and

2. The court shall screen Plaintiff's Complaint in due course.

IT IS SO ORDERED.

Dated:   **September 20, 2023**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE