# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS J. MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION,<br><br>    Defendant. | Case No. 1:23-cv-00892-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 22)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.  Background**

Plaintiff Louis J. Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On November 3, 2025, the Court screened the first amended complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 22.)  The Court issued an order granting Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal within thirty (30) days. (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*)  Plaintiff failed to file an amended complaint or otherwise

1

communicate with the Court, and the deadline to do so has expired.

**II.     Failure to State a Claim**

    **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

    **B.     Plaintiff's Allegations**

Plaintiff is currently housed in Ironwood State Prison ("ISP") in Blythe, California. Plaintiff alleges the events in the complaint occurred while he was housed at California Correctional Institution in Tehachapi, California and at Ironwood State Prison. Plaintiff names as defendants: (1) the California Correctional Institution ("CCI"), (2) Dr. Hill, (3) CC3 Welch, (4) Alt.CP. Welch, (5) H. Moseley, signed off on grievance, (6) Dr. Farinas, surgeon ISP outpatients clinic in Blythe, (7) Dr. Haung-Lee K. AI., M.D. (8) C. Rojas, reviewing authority.

In claim 1, Plaintiff alleges violations of the Eighth Amendment for medical care. Plaintiff alleges as follows.[1] He has the right to feel safe and have medical care that is best for him. The operation with the less intrusive cuts is best for black people because they have more scar tissue and they gave Plaintiff the cheapest with the most damage. Plaintiff still is not fully recovered. Dr. Hill requested surgery. Welch refused the doctor's request and transferred Plaintiff. Moseley C. Motlooo2 signed off on the 602 grievance. Dr. Farinas did the inferior surgery. It was most intrusive. Dr. Haung-Lee is the one who told Plaintiff black people have more scar tissue than others. The surgery Dr. Hill requested cost more and with little cutting, small incisions and with cameras. Dr. Farinas just cut Plaintiff stomach open damaging everything in the path causing more damage to Plaintiff's intestines. Plaintiff still has bowel problems because of her methods and Plaintiff is black.

In claims 2, Plaintiff alleges violation of the Eighth Amendment for his cell assignment. Plaintiff alleges he was in a dorm and earned that right. They put him back to cell confinement as soon as Plaintiff arrived and Plaintiff was made to associate with whoever they chose. He is Christian and he has to associate with Muslem, Bloods, crips, gays. They did not give him single cell so whoever they put in the cell with Plaintiff, he is afraid of attack. Plaintiff was attacked in the county jail by a G crip who cut Plaintiff with a razor and others kicked and beat Plaintiff. This was at ISP. Plaintiff feels he has suffered for the transfer soon after they opened the yard back up. Plaintiff complains about being shuffled around the state to different institutions.

Plaintiff does not specify the remedies he wants.

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations

---

[1] The Court has not quoted the first amended complaint verbatim, but has attempted to make the allegations easier to understand.

1 are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2 conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must
3 set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
4 its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations
5 are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,
6 572 F.3d at 969.

7 As explained below, Plaintiff's complaint fails to state a claim.  Plaintiff was informed
8 that the must set forth sufficient facts to support a cognizable claim as to each defendant.
9 Plaintiff was informed that if Plaintiff files an amended complaint, it should be a short and plain
10 statement of his claims and must include factual allegations identifying what happened, when it
11 happened, and who was involved. Fed. R. Civ. P. 8.  Plaintiff's first amended is largely incoherent
12 of possible violations of constitutional rights.  The allegations are conclusory as to what happened
13 and who was involved.

14 **Eleventh Amendment**

15 To the extent Plaintiff is claiming money damages against CCI for an Eighth Amendment
16 claim, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state,
17 its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public*
18 *Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal
19 courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against
20 a state, its agencies (such as CDCR or CCI) or individual prisons, absent "a waiver by the state or
21 a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).
22 "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a
23 state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v.*
24 *City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations
25 omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh
26 Amendment immunity with respect to claims brought under § 1983 in federal court. . . ."
27 *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241
28 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding

California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

**Federal Rules of Civil Procedure 18 and 20**

To the extent Plaintiff is attempting to join unrelated claims, he is informed that he may not join unrelated claims. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's first amended complaint joins claims which are unrelated. Plaintiff may not bring claims for events arising at CCI and for events arising at Ironwood State Prison, against different defendants, in the same action. Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences and different institutions. The claims are not related in that they involve medical care and separately, housing at Ironwood State Prison. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20. The Court will not screen any claim arising from any Defendants' conduct while at Ironwood State Prison. Further, claims arising from conduct from defendants at Ironwood, is not properly venued in Eastern District of California.[2]

///

---

[2] If Plaintiff's main complaint is with the surgery, he is informed that Ironwood State Prison is located in the Central District of California and his claim should be brought in that District.

1  Plaintiff was cautioned that he may not add new or different claims to the amended
2  complaint.  Yet, Plaintiff added a new and different claim arising at Ironwood State Prison.

**State Actor**

The term "person[s]" in § 1983 encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law— including local governmental entities. *See Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (party charged with constitutional deprivation must be a governmental actor because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong"). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Plaintiff cannot assert a § 1983 claim against private individuals Defendants Dr. Farinas and Dr. Haung-Lee K. AI., M.D., unless he can plausibly allege the defendant was acting under color of state law. The Supreme Court and the Ninth Circuit have recognized at least four tests that facilitate identification of state action. Namely, "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations*, 975 F.3d 742, 747 (2020) (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)); *see Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021). Satisfaction of any of the tests is enough to find state action, provided no "countervailing" factor defeats a finding of state action. *Pasadena Republican Club*, 985 F.3d at 1167; *Rawson*, 975 F.3d at 747. Regardless of the test, the question is simply always whether a defendant has exercised power possessed and made possible because state law. *Pasadena Republican Club*, 985 F.3d at 1167.

Private doctors, nurses, and hospitals who have not assumed the State's obligation to provide medical care to inmates, are not state actors just because they provide one-off medical treatment to an inmate. *See*, *e.g*., *West*, 487 U.S. at 51–54; *Calloway v. Youssee*, No. 1:21-CV-01450 JLT BAM(PC), 2022 WL 1409838, at *7 (E.D. Cal. May 4, 2022), report and

6

1 recommendation adopted, No. 1:21-CV-01450 JLT BAM(PC), 2022 WL 2193458 (E.D. Cal. June 17, 2022), as clarified on denial of reconsideration, No. 1:21-CV-01450 JLT BAM(PC), 2022 WL 2873090 (E.D. Cal. July 21, 2022); *Felix v. Casey*, No. 2:18-cv-3185-KJM-AC-P, 2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021); *Probst v. Adams Cty. Sheriff's Dep't*, No. 1:20-cv-00032-DCN, 2021 WL 1554064, at *3 (D. Idaho Apr. 19, 2021).

Dr. Farinas appears to have performed the surgery at a private hospital or clinic and may be employed at the hospital. It is unclear who is defendant Dr. Haung-Lee K. AI., M.D. The allegations are conclusory that any of these Defendants are state actors.

**Eighth Amendment**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's complaint fails to state a claim for medical deliberate indifference.  Plaintiff fails to allege any individual defendant knew of and disregarded an excessive risk to his serious medical need.  Dr. Hill recommended surgery. Dr. Haung-Lee K. AI., M.D. told Plaintiff some information.  Welch transferred Plaintiff to another institution where Plaintiff received some medical care.  It is unclear what Welch, Dr. Hill or Dr. Haung-Lee K. AI., M.D. did or did not do to violate Plaintiff's constitutional rights.   Plaintiff's opinion as to the surgery performed by Dr. Farinas, even if Dr. Farinas is a state actor, is merely a difference of opinion.

**Housing Assignment**

Plaintiff is informed that any claim premised on the failure to house Plaintiff at a particular institution or in particular housing fails because Plaintiff is not entitled to be housed in any particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021).

8

**Processing of Appeals**

To the extent Plaintiff is complaining about the appeals process used by Defendant Moseley, or any defendant, Plaintiff is informed that he does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear,* No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); Givens, 2019 WL 1438068, at *4; *Valles v. Gamboa*, No. 1:22-CV-00355 BAM PC, 2022 WL 1294424, at *3–4 (E.D. Cal. Apr. 29, 2022) (no claim for failure to comply with timely processing requirements).

### III.   Failure to Prosecute and Failure to Obey a Court Order

#### A.   Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 3, 2025 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 22.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 16, 2025**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

11